1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   JILBRAUN DANDTON AGNEW,          )   Civil No. 11cv00757 RBB
                                      )
12              Petitioner,           )   **ORDER DENYING PETITIONER'S**
                                      )   **MOTION FOR APPOINTMENT OF**
13   v.                               )   **COUNSEL [ECF NO. 11]**
                                      )
14   MATTHEW CATE, et al.,            )
                                      )
15              Respondent.           )
     ─────────────────────────────── )
16

17        Petitioner Jilbraun Dandton Agnew, a state prisoner proceeding

     pro se and in forma pauperis, filed a Petition for Writ of Habeas
18
     Corpus on April 11, 2011 [ECF Nos. 1, 3].[1]  Agnew argues that
19
     during his jury trial, the prosecutor improperly questioned
20
     witnesses about evidence that the trial judge had previously ruled
21
     was inadmissible.  (See Pet. 6-9, ECF No. 1.)  On July 27, 2011,
22
     Respondent Matthew Cate[2] filed an Answer to Petition for Writ of
23
     ─────────────────────
24        [1]  Because the Petition is not consecutively paginated, the
     Court will cite to it using the page numbers assigned by the
25   electronic case filing system.

26        [2]  Agnew originally named "Hedgepath (Warden)" as the
     respondent.  (Pet. 1, ECF No. 1.)  On April 22, 2011, United States
27   District Court Judge Barry Ted Moskowitz issued an order, in part,
     substituting Matthew Cate as Respondent in place of Hedgepath.
28   (Order Granting Appl. Proceeding in Forma Pauperis 1 n.1, ECF No.
     3.)

                                      1                        11cv00757 RBB

1  Habeas Corpus [ECF No. 12].  The parties consented to magistrate

2  judge jurisdiction; consequently, Judge Moskowitz referred the case

3  to this Court [ECF Nos. 9, 13].

4       This Motion for Appointment of Counsel was filed nunc pro tunc

5  to July 26, 2011 [ECF No. 11].  In support of his request,

6  Petitioner asserts that the issues in this action are particularly

7  complex.  (Mot. Appointment Counsel 1, ECF No. 11.)  According to

8  Agnew, the complex issues include prosecutorial misconduct, the

9  admission of evidence that was previously deemed inadmissible, and

10 the trial court's error in allowing the prosecutor to ask questions

11 about other instances of Agnew's alleged misconduct.  (Id.)

12 Petitioner also maintains that due to the length of his sentence,

13 the interests of justice require an appointed attorney.  (Id.)

14      The Sixth Amendment right to counsel does not extend to

15 federal habeas corpus actions by state prisoners.  McCleskey v.

16 Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191,

17 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th

18 Cir. 1986).  Nonetheless, financially eligible habeas petitioners

19 seeking relief pursuant to 28 U.S.C. § 2254 may obtain representa-

20 tion whenever "the court determines that the interests of justice

21 so require . . . ."  18 U.S.C.A. § 3006A(a)(2)(B) (West Supp.

22 2011); Terrovona v. Kincheloe, 912 F.2d 1176, 1181-82 (9th Cir.

23 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); see

24 Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  The

25 interests of justice require an appointed lawyer when the court

26 conducts an evidentiary hearing on the petition.  Rule 8(c), 28

27 U.S.C. foll. § 2254; Terrovona, 912 F.2d at 1181; Knaubert, 791

28 F.2d at 728; see Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.

1  1994).   Otherwise, whether to appoint an attorney is entirely

2  within the discretion of the district court.  Knaubert, 791 F.2d at

3  728.

4   "Indigent state prisoners applying for habeas relief are not

5  entitled to appointed counsel unless the circumstances of a

6  particular case indicate that appointed counsel is necessary to

7  prevent due process violations."  Chaney, 801 F.2d at 1196; see

8  Knaubert, 791 F.2d at 728-29.  A due process violation may occur if

9  the issues involved are too complex for the petitioner to handle

10  without the assistance of an attorney.  In addition, the

11  appointment of counsel may be necessary if the petitioner has

12  limited education and is incapable of presenting the claims in the

13  petition.  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

14  "[A] district court should consider the legal complexity of the

15  case, the factual complexity of the case, the petitioner's ability

16  to investigate and present his claim, and any other relevant

17  factors."  Abdullah, 18 F.3d at 573.

18   Because these factors are useful in determining whether due

19  process requires court-appointed counsel, they are considered to

20  the extent possible based on the record before this Court.  Agnew

21  argues, "Counsel should be appointed because the issues in this

22  case are particularly complex."  (Mot. Appointment Counsel 1, ECF

23  No. 11.)  He continues, "The issues include:   Prosecutor

24  misconduct, admitting inadmissible evidence that was ruled during

25  [in] limine motion[,] court error allowing the prosecutor to infect

26  trial with uncharged misconduct."  (Id.)  Despite this contention,

27  Agnew has sufficiently represented himself to date.  The Petitioner

28  has prepared and filed a sixteen-page Petition for Writ of Habeas

1  Corpus with thirty-three pages of exhibits [ECF No. 1], a motion to

2  proceed in forma pauperis [ECF No. 2], and this Motion for

3  Appointment of counsel [ECF No. 11].  Agnew filed these documents

4  within a period that spanned less than four months, and there is no

5  indication that anyone other than Petitioner drafted them.  He has

6  adequately represented himself.  Agnew's Petition was pleaded

7  sufficiently for this Court to direct Respondent to file an answer

8  or other responsive pleading to the Petition [ECF No. 4].

9       From the face of the Petition, it appears that Petitioner has

10  a good understanding of this case and the legal issues involved.

11  (See Pet. 6-9, ECF No. 1.)  The Petition contains a recitation of

12  relevant facts as well as legal arguments with citations to case

13  law and other supporting authority.  (See id.)  Based on the detail

14  and clarity of the Petition, Agnew has competently presented his

15  claims.  He has not pointed to any particular circumstances that

16  would make the appointment of counsel necessary at this time.  See

17  Bashor, 730 F.2d at 1234 (denying request for appointed counsel

18  where petitioner thoroughly presented the issues in his petition

19  and memorandum of law).  Moreover, "[t]he procedures employed by

20  the federal courts are highly protective of a pro se petitioner's

21  rights.  The district court is required to construe a pro se

22  petition more liberally than it would construe a petition drafted

23  by counsel."  Knaubert, 791 F.2d at 729; see Bashor, 730 F.2d at

24  1234.  At this stage of the proceedings, the interests of justice

25  do not require that Agnew receive attorney representation.

26       "Where the issues involved can be properly resolved on the

27  basis of the state court record, a district court does not abuse

28  its discretion in denying a request for court-appointed counsel."

4

1  Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973 F.2d 655, 661

2  (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (9th Cir.

3  1986) (per curiam).  Here, Agnew alleges that the prosecutor

4  committed prejudicial misconduct during the jury trial by asking

5  witnesses questions about whether Petitioner had punched a woman in

6  an unrelated incident, which was evidence that the trial judge had

7  previously ruled was inadmissible.  (Pet. 6-9, ECF No. 1.)  The

8  Petitioner also asserts that the trial court erred in allowing the

9  prosecutor to ask witnesses questions about Agnew's other alleged

10  misconduct.  (Id. at 6.)  The Court has been provided with all

11  relevant documents and transcripts to properly resolve the

12  allegations in the Petition on the basis of the record.  (See

13  Answer Attach. #1 Notice Lodgment 1-2, ECF No. 12); Hoggard, 29

14  F.3d at 471; McCann, 973 F.2d at 661; Travis, 787 F.2d at 411.

15       Additionally, Agnew maintains that the interests of justice

16  require appointed representation "[d]ue to the length of

17  Petitioner's sentence," which is thirty-eight years to life.  (Mot.

18  Appointment Counsel 1, ECF No. 11; see Pet. 1, ECF No. 1.)  "A

19  habeas petitioner's interest in release from illegal confinement

20  undoubtedly is high.  However, . . . due process does not require

21  appointment of counsel when an evidentiary hearing is not held."

22  Knaubert, 791 F.2d at 729.  Further, in habeas corpus actions,

23  counsel is typically only appointed in (1) capital cases, (2) cases

24  that turn on complex procedural or mixed legal and factual issues,

25  (3) actions litigated by petitioners who are mentally or physically

26  impaired, (4) matters that will likely require experts, (5) actions

27  involving petitioners who are unable to investigate crucial facts,

28  and (6) factually complex cases.  Salango v. Sisto, No. CIV S-09-

1 0044-TJB, 2011 U.S. Dist. LEXIS 13071, at *7-8 (E.D. Cal. Feb. 7,

2 2011). Thus, Agnew's prison term of thirty-eight years to life is

3 not central to whether appointed counsel is necessary to prevent

4 due process violations. See id.; see also Chaney, 801 F.2d at

5 1196.

6 Indeed, the assistance that counsel provides a petitioner is

7 valuable. "An attorney may narrow the issues and elicit relevant

8 information from his or her client. An attorney may highlight the

9 record and present to the court a reasoned analysis of the

10 controlling law." Knaubert, 791 F.2d at 729. Even so, "[u]nless

11 an evidentiary hearing is held, an attorney's skill in developing

12 and presenting new evidence is largely superfluous; the district

13 court is entitled to rely on the state court record alone." Id.

14 (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981); 28 U.S.C.

15 § 2254(d)). If a court denies a petitioner's request for

16 appointment of counsel, the court will draw an independent legal

17 conclusion after informing itself of the relevant law. Id.

18 "Therefore, the additional assistance provided by attorneys, while

19 significant, is not compelling." Id.

20 When a pro se petitioner presents a claim that the state

21 court made an unreasonable determination of the facts, the court

22 may exercise its discretion to hold an evidentiary hearing. Id. at

23 n.6. In that circumstance, counsel must be appointed to a

24 petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Id.;

25 see Rule 8(c), 28 U.S.C.A. foll. § 2254; Wood v. Wainwright, 597

26 F.2d 1054 (5th Cir. 1979). The Court may also appoint counsel for

27 the effective utilization of any discovery process. Rule 6(a), 28

28 U.S.C.A. foll. § 2254. An evidentiary hearing has not been ordered

1  in this case, and at this time, it does not appear that discovery

2  will be necessary.

3        For the reasons stated above, the interests of justice do not

4  compel the appointment of counsel to represent Agnew at this stage

5  of the case.  Petitioner's Motion for Appointment of Counsel is

6  **DENIED** without prejudice.

7        **IT IS SO ORDERED.**

8

9  DATED:  August 10, 2011

                                                    Ruben B. Brooks
10                                                  United States Magistrate Judge

11  cc:  All parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28