UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILBRAUN DANDTON AGNEW,<br><br>           Petitioner,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>           Respondent. | Civil No. 11cv00757 RBB<br><br>**ORDER DENYING PETITIONER'S SECOND MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 15]** |

    Petitioner Jilbraun Dandton Agnew, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus on April 11, 2011 [ECF Nos. 1, 3].[1] Agnew contends that during his jury trial, the prosecutor improperly questioned witnesses about evidence that the trial judge had previously ruled was inadmissible. (See Pet. 6-9, ECF No. 1.) Respondent Matthew Cate[2] filed an Answer to Petition for Writ of Habeas Corpus on July

---

[1] Because Agnew's Petition is not consecutively paginated, the Court will cite to it using the page numbers assigned by the electronic case filing system.

[2] The Petitioner originally named "Hedgepath (Warden)" as the respondent. (Pet. 1, ECF No. 1.) On April 22, 2011, United States District Court Judge Barry Ted Moskowitz issued an order, in part, substituting Matthew Cate as Respondent in place of Hedgepath. (Order Granting Appl. Proceeding in Forma Pauperis 1 n.1, ECF No. 3.)

1

27, 2011 [ECF No. 12]. After the parties consented to magistrate judge jurisdiction, Judge Moskowitz referred the matter to this Court [ECF Nos. 9, 13]. Petitioner's Reply to Respondent's Answer to the Petition for Writ of Habeas Corpus was filed on August 25, 2011, which the Court construes as his Traverse [ECF No. 17].

Agnew's first Motion for Appointment of Counsel was filed nunc pro tunc to July 26, 2011 [ECF No. 11]. There, Petitioner argued that the issues in the case are particularly complex. (Mot. Appointment Counsel 1, July 26, 2011, ECF No. 11.) Agnew contended that the complex issues include prosecutorial misconduct, the admission of evidence that was previously deemed inadmissible, and the trial court's error in allowing the prosecutor to ask questions about other instances of Agnew's alleged misconduct. (Id.) He also alleged that the interests of justice require an appointed attorney in light of the length of his sentence. (Id.) This Court denied Agnew's request for court-appointed representation on August 10, 2011 [ECF No. 14].

The Petitioner's second Motion for Appointment of Counsel was filed on August 8, 2011 [ECF No. 15],[3] followed by his prisoner trust fund account statement [ECF No. 16]. In support of his second request, Agnew urges that he is unable to afford an attorney because he does not have assets. (Mot. Appointment Counsel 1, Aug. 8, 2011, ECF No. 15.) He is incarcerated at Salinas Valley State Prison, and he is unable to obtain adequate employment to afford legal representation. (Id.) Next, Petitioner maintains that the issues involved in this action are complex, and it is difficult for

---

[3] The second Motion was not entered on the case docket, however, until after the Court's August 10, 2011 Order was entered.

1  him to understand legal terms and authority. (<u>Id.</u> at 1-2.)  Agnew
2  found Respondent's Answer difficult to understand. (<u>Id.</u> at 2.)  He
3  further submits that he has a reading level of an eighth grader and
4  that he received assistance from other inmates when filing his
5  Petition. (<u>Id.</u>)  Finally, Petitioner alleges that he has limited
6  access to the law library due to prison lock downs and his
7  education schedule. (<u>Id.</u>)

8      The Sixth Amendment right to counsel does not extend to
9  federal habeas corpus actions by state prisoners. <u>McCleskey v.
10 Zant</u>, 499 U.S. 467, 495 (1991); <u>Chaney v. Lewis</u>, 801 F.2d 1191,
11 1196 (9th Cir. 1986); <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th
12 Cir. 1986).  Nonetheless, financially eligible habeas petitioners
13 seeking relief pursuant to 28 U.S.C. § 2254 may obtain
14 representation whenever "the court determines that the interests of
15 justice so require . . . ."  18 U.S.C.A. § 3006A(a)(2)(B) (West
16 Supp. 2011); <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181-82 (9th
17 Cir. 1990); <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984);
18 <u>see</u> <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994).  The
19 interests of justice require an appointed lawyer when the court
20 conducts an evidentiary hearing on the petition.  Rule 8(c), 28
21 U.S.C. foll. § 2254; <u>Terrovona</u>, 912 F.2d at 1181; <u>Knaubert</u>, 791
22 F.2d at 728; <u>see</u> <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir.
23 1994).  Otherwise, whether to appoint an attorney is entirely
24 within the discretion of the district court. <u>Knaubert</u>, 791 F.2d at
25 728.

26     "Indigent state prisoners applying for habeas relief are not
27 entitled to appointed counsel unless the circumstances of a
28 particular case indicate that appointed counsel is necessary to

prevent due process violations." Chaney, 801 F.2d at 1196; see Knaubert, 791 F.2d at 728-29. A due process violation may occur if the issues involved are too complex for the petitioner to manage without the assistance of an attorney. The appointment of counsel may also be necessary if the petitioner has limited education and is incapable of presenting the claims in the petition. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970). "[A] district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah, 18 F.3d at 573.

Because these factors are useful in determining whether due process requires court-appointed counsel, they are considered to the extent possible based on the record before the Court. Petitioner contends that he is unable to afford legal representation, as he is "without stocks, bonds, or real estate, nor any typ[e] of saving[s] accounts." (Mot. Appointment Counsel 1, Aug. 8, 2011, ECF No. 15.) Also, his incarceration prevents him from securing adequate employment. (Id.) Yet, as discussed previously, even indigent state prisoners seeking habeas relief are not entitled to a court-appointed attorney unless the circumstances indicate that counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. Indigence alone does not rise to this level.

Next, the Petitioner argues that this action involves complex legal issues, and he has had difficultly understanding legal terms as well as the Respondent's Answer. (Mot. Appointment Counsel 1-2, Aug. 8, 2011, ECF No. 15.) But despite this contention, Agnew has

adequately represented himself to date.  He has prepared and filed a sixteen-page Petition for Writ of Habeas Corpus with thirty-three pages of exhibits [ECF No. 1], a motion to proceed in forma pauperis [ECF No. 2], two motions seeking court-appointed counsel [ECF Nos. 11, 15], his prisoner trust fund account statement [ECF No. 16], and an eighteen-page Traverse [ECF No. 17].  The Petitioner filed these documents within a period that spanned less than five months.  Agnew's Petition was pleaded sufficiently for this Court to direct Respondent to file an answer or other responsive pleading to the Petition [ECF No. 4].  The Traverse is similarly pleaded adequately.

It appears that Petitioner has a good understanding of this action and the legal issues involved.  (See Pet. 6-9, ECF No. 1.)  The Petition contains a recitation of relevant facts as well as legal arguments with citations to case law and other supporting authority.  (See id.)  Based on the detail and clarity of the initial pleading, Agnew has competently presented his claims.  He has not pointed to any particular circumstances that would make the appointment of counsel necessary at this time.  See Bashor, 730 F.2d at 1234 (denying request for appointment of counsel where petitioner thoroughly presented the issues in his petition and memorandum of law).  Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights.  The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel."  Knaubert, 791 F.2d at 729; see Bashor, 730 F.2d at 1234.  At this stage of the proceedings, the interests of justice do not require the Court to appoint an attorney.

"Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (9th Cir. 1986). In this case, the Petitioner maintains that the prosecutor committed prejudicial misconduct during the jury trial by asking witnesses questions about whether Petitioner had punched a woman in an unrelated incident, which was evidence that the trial judge had previously ruled was inadmissible. (Pet. 6-9, ECF No. 1.) Also, Agnew submits that the trial court erred in allowing the prosecutor to ask witnesses questions about Agnew's other purported misconduct. (Id. at 6.) The Court has been provided with all relevant documents and transcripts to properly resolve the allegations in the Petition on the basis of the record. (See Answer Attach. #1 Notice Lodgment 1-2, ECF No. 12); Hoggard, 29 F.3d at 471; McCann, 973 F.2d at 661; Travis, 787 F.2d at 411.

Finally, Petitioner asserts that he is entitled to an appointed lawyer because he has limited access to the law library due to his "education schedule" and random prison lock downs. (Mot. Appointment Counsel 2, Aug. 8, 2011, ECF No. 15.) Even so, Agnew does not allege that he lacks reasonable access to the law library, and this does not establish that the interests of justice require the appointment of counsel.

Indeed, the assistance that a lawyer provides a petitioner is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the

1  controlling law." Knaubert, 791 F.2d at 729. Nonetheless,
2  "[u]nless an evidentiary hearing is held, an attorney's skill in
3  developing and presenting new evidence is largely superfluous; the
4  district court is entitled to rely on the state court record
5  alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981);
6  28 U.S.C. § 2254(d)). If a court denies a petitioner's request for
7  appointment of counsel, the court will draw an independent legal
8  conclusion after informing itself of the relevant law. Id.
9  "Therefore, the additional assistance provided by attorneys, while
10 significant, is not compelling." Id.

11       When a self-represented petitioner presents a claim that the
12 state court made an unreasonable determination of the facts, the
13 district court may exercise its discretion to hold an evidentiary
14 hearing. Id. at n.6. In that circumstance, counsel must be
15 appointed to a petitioner who qualifies under 18 U.S.C.
16 § 3006A(a)(2)(B). Id.; see Rule 8(c), 28 U.S.C.A. foll. § 2254;
17 Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979). Courts may also
18 appoint an attorney for the effective utilization of any discovery
19 process. Rule 6(a), 28 U.S.C.A. foll. § 2254. An evidentiary
20 hearing has not been ordered, and at this time, it does not appear
21 that discovery will be necessary.

22       For the reasons stated above, the interests of justice do not
23 compel the appointment of counsel to represent Agnew at this stage
24 //
25 //
26 //
27 //
28 //

of the proceedings.  Petitioner's second Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  October 5, 2011

Ruben B. Brooks
United States Magistrate Judge

cc:  All parties